NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—December, 1883.

BARRY V. BROWN.

*In the matter of the probate of the will of* HIPPOLYTE BARRY, *deceased.*

The publication of a will may be made to the subscribing witnesses on different occasions, and when they are apart from each other.

A will cannot be revoked by an instrument executed, as a testamentary paper, in the presence of only one subscribing witness.

PETITION for the probate of decedent's will, presented by Kathleen E. Brown, one of the legatees therein named; opposed by Adele Barry, and another, decedent's heirs at law and next of kin. The facts appear sufficiently in the opinion.

THOS. H. HURLEY, *for proponent.*

WEEKES & FORSTER, *for contestants.*

THE SURROGATE.—The paper propounded as the will of this decedent was executed by him in substantial compliance with the formalities prescribed by law. He made to each of the attesting witnesses sufficient acknowledgement of his signature, and his publication of the disputed paper as his will is proved to my satisfaction. It is an unimportant circumstance that this acknowledgement and publication were made to the witnesses on different occasions, and when they were apart from each other (Hoysradt v. Kingman, *22 N. Y., 372*).

The contestant claims that the will here propounded was revoked by another instrument, executed three years later. The evidence shows that such an instrument was prepared, and that it was executed in the presence of one witness as a testamentary paper. And that is all.

Now the circumstances under which a will once duly executed can be revoked are distinctly specified by the Revised Statutes (*R. S., part 2, ch. 6, tit. 1, § 42*). "No will in writing," says that section, "except in

the cases hereinafter mentioned, nor any part thereof, shall be revoked or altered otherwise than by some other will in writing, or some other writing of the testator declaring such revocation or alteration, *and executed with the same formalities with which the will itself was required by law to be executed.*"

The excepted cases are not such as can be claimed to have any application to the case at bar.

A decree may be entered admitting to probate the will of 1876.